IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NICHOLAS WELLS, #207770,      )
                              )
        Petitioner,           )
                              )
    v.                        )    CASE NO. 2:12-CV-274-TMH
                              )              [WO]
                              )
CYNTHIA WHEELER WHITE, *et al.*,  )
                              )
        Respondents.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Nicholas Wells ["Wells"], a state inmate, on February 15, 2012.[1]  In this petition,

Wells challenges the constitutionality of convictions imposed against him for three counts

of unlawful distribution of a controlled substance by the Circuit Court of Covington

County, Alabama on January 26, 2004.  Wells had four prior felony convictions rendering

his sentences subject to enhancement under the Habitual Felony Offender Act, *Ala. Code*

§ 13A-5-9, *et seq*.  Moreover, the offenses occurred within a three mile radius of both a

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The petition indicates that Wells submitted this pleading for mailing on February 15, 2012.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 14.  In light of the foregoing and for purposes of the proceedings herein, the court considers February 15, 2012 as the date of filing.

school and public housing project therefore mandating an additional penalty of five years incarceration on each sentence. *Ala. Code* § 13A-12-250 and *Ala. Code* § 13A-12-270 (In addition to any other penalties, "a penalty of five years incarceration . . . with no provision for probation is imposed [if the sale occurred] on or within a three-mile radius of a school" or "within a three-mile radius of a public housing project owned by a housing authority."). In accordance with the applicable sentencing enhancements, the trial court sentenced Wells to concurrent sentences of thirty-five years imprisonment. Wells did not file a direct appeal of these convictions, and the convictions therefore became final by operation of law on April 20, 2004.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[2] The respondents contend that, because the challenged convictions became final after the effective date of the statute of limitations, Wells must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents acknowledge that on June 2, 2004 Wells filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

from the inception of this petition until finality of the appellate court's judgment on March 22, 2005 -- upon issuance of the certificate of judgment dismissing the appeal of the trial court's denial of the Rule 32 petition.  The respondents further acknowledge that "[t]he limitation period can be equitably tolled, in addition to any tolling provided by the statute, 'when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999)[]" but argue "[i]t is unlikely there are any facts that would warrant equitable tolling for the [vast amount of] time that . . . elapsed between the nearly eight years his conviction became final and the date of the filing of the instant habeas petition." *Respondents' Answer - Doc. No. 10* at 9.  Thus, the respondents maintain that "Wells's petition is barred as filed outside the AEDPA limitation period . . . and, he has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed." *Id*.

The record establishes that Wells filed the instant federal habeas petition almost six years after expiration of § 2254's one-year period of limitation.  Based on the foregoing, the court entered an order advising Wells that he failed to file the petition within the requisite one-year limitation period set forth in 28 U.S.C. § 2241(d)(1).  *Order of April 19, 2012 - Doc. No. 13*.  This order also provided Wells an opportunity to show cause why this habeas petition should not be barred from review as untimely filed.  In his responses, Wells

concedes he failed to file the petition within the one-year period of limitation but argues that this court should address the merits of his claims because he is entitled to equitable tolling of the limitation period.  Specifically, Wells asserts that the limitation period should be equitably tolled because:  (1) His attorney abandoned him during the time for filing a direct appeal; (2) During the "8 years of elapsed time since [his] conviction[s] became final," he endured mental and emotional stress arising from the denial of his Rule 32 petition and commission of voluminous rules violations which resulted in his receipt of 25 disciplinary actions; (3) Documents necessary to proceeding on his Rule 32 appeal were not timely received by the Alabama Court of Criminal Appeals due to insufficient postage; (4) The Alabama Court of Criminal Appeals improperly dismissed the appeal of his Rule 32 and failed to reconsider its ruling; (5) He "suffered from a lack of [legal] knowledge sufficient enough to proceed" before this court; (6) He was denied "assistance from jailhouse lawyers" assigned to the law library during intermittent stints of confinement in segregation.  *Petitioner's Response - Doc. No. 17* at 2-5.  In addition, Wells alleges that in light of the lack of a direct appeal and the state appellate court's summary denial of his Rule 32 petition this court's failure to address his claims will result in "a clear miscarriage of justice . . . ."  *Petitioner's Supplemental Response - Doc. No. 19-1* at 5.  Finally, Wells asserts that the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1) is unconstitutional as it constitutes a suspension of the writ of habeas corpus.  *Petitioner's*

4

*Supplemental Response - Doc. No. 37* at 2.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Wells failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Miscarriage of Justice - Gateway to Excuse Time Bar

Wells argues that the lack of a direct appeal and the state appellate court's denial of his Rule 32 appeal "establish[] a clear miscarriage of justice" warranting relief from this court. *Petitioner's Supplemental Response - Doc. No. 19-1* at 5. The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [to obtain federal review of a habeas petition filed] after expiration of the statute of limitations . . . . [T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or the judge accepting his plea], acting reasonably would have [found] him guilty beyond a reasonable doubt.' [*Schlup*, 513 U.S. at 339]; [*House v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is 'demanding' and

seldom met).  And in making an assessment of the kind *Schlup* envisioned, 'the timing of the [petition]' is a [relevant] factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence.  *Schlup*, 513 U.S. at 332. . . .  [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a petitioner's part . . . as a factor in determining whether actual innocence has been shown."  *McQuiggin v. Perkins*, ___ U.S. ___, at ___,133 S. Ct. 1924, 1928 (2013).

The actual innocence exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup*, 513 U.S. at 332.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'"  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case."  *House*, 547 U.S. at 538.  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted [and/or time barred] claims."  *Id.* at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623-24; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that

6

constitutional error has caused the conviction of an innocent person is extremely rare . . .

. To be credible, such a claim requires petitioner to support his allegations of constitutional

error with ***new reliable evidence*** -- whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at

trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims

of actual innocence are rarely successful."  513 U.S. at 324 (emphasis added).

In its order denying the Rule 32 petition, the trial court noted that the evidence

presented against Wells included a "video tape [of Wells] selling drugs on three separate

occasions . . . in broad daylight" and characterized the evidence establishing his guilt as

"overwhelming." *Respondents' Exhibit 3 - Doc. No. 10-3* at 4, 6.  The arguments presented

by Wells do not constitute "new reliable evidence" of his actual innocence nor has Wells

demonstrated that any such evidence exists to establish his actual innocence so as to meet

the standard set forth by *Schlup*.  The instant petition for federal habeas corpus relief is

therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).[3]

## B.  Suspension of the Writ

Wells argues that the one year period of limitation set forth in 28 § 2244(d)(1) is

unconstitutional as it violates the Suspension Clause of the Constitution, Art. I, § 9, cl. 2.

*Petitioner's Supplemental Response - Doc. No. 37* at 2 ("[T]he one year statute of

---

[3] In addition, any independent claim of actual innocence likewise provides no basis for relief in this cause of action.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

limitation is repugent (sic) to the Constitution Article I Section 9 subsection (2)....").[4]  This argument is without merit as the Eleventh Circuit in *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000), "held that . . . § 2244(d)'s one-year statute of limitations was not an unconstitutional suspension of the writ of habeas corpus." *Johnson v. Hooks*, 138 F. App'x 207, 208 (11th Cir. 2005).  "Moreover, the availability of equitable tolling in cases 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence,' *Steed,* 219 F.3d at 1300 (quotation and citation omitted), ensures that § 2244's limitation is constitutionally applied . . . ."  *Tinker*, 255 F.3d at 1334.

## C.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

---

[4] In *Tinker v. Moore*, 255 F.3d 1331, 1334,  n.2  (11th Cir. 2001), the court noted that:

    The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.  Despite this restriction, the Supreme Court has held that "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996)).  In *Swain v. Pressley*, 430 U.S. 372, 97 S. Ct. 1224, 51 L. Ed. 2d 411 (1977), the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  *Id.* at 381, 97 S. Ct. 1224.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the

case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*

On January 26, 2004, a duly empaneled jury before the Circuit Court of Covington County, Alabama convicted Wells on three counts of unlawful distribution of a controlled substance.  The evidence presented by the State included "a video tape [of Wells] selling drugs on three separate occasions spread out over a nearly four month period of time.  His sales . . . took place in broad daylight on the streets of a housing project and within a few blocks of an elementary school."  *Respondents' Exhibit 3 - Doc. No. 10-3* at 4.  In accordance with applicable sentencing enhancement provisions, the trial court sentenced Wells on March 9, 2004 to thirty-five (35) years imprisonment on each conviction with these sentences to run concurrently with one another.  Wells did not file a direct appeal of his controlled substance convictions.  Since Wells failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his convictions.  Thus, by operation of law, Wells' convictions for unlawful distribution of a controlled substance became final on April 20, 2004 -- forty-two days after imposition of the applicable sentences as this is the date on which his time to seek direct review expired.  Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days of the date of entry of the

10

appealed judgment); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Alabama inmate's convictions became final forty-two days after guilty plea and sentencing when time for filing direct appeal expired).  Absent equitable or statutory tolling, the one-year limitation period contained in section 2244(d)(1)(A) would begin to run on April 21, 2004.[5]

### D.  Tolling of the Limitation Period

**1. <u>Standard for Equitable Tolling</u>.**

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997).  Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d

---

[5]This date is used because in computing the federal period of limitation, "the day of the event that triggers the period" is excluded.  Fed. R. Civ. P. 6(a)(1)(A).

at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). The AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## 2. Equitable Tolling for Counsel's Abandonment of Direct Appeal.

Wells argues that he is entitled to equitable tolling of the limitation period because counsel abandoned him during the period of time relevant to filing a direct appeal of his convictions and he did not learn of this abandonment until the State filed an answer to his Rule 32 petition. *Petitioner's Supplemental Response - Doc. No. 19-1* at 9. The court assumes *arguendo* that counsel's abandonment of the attorney-client relationship with respect to the direct appeal process constitutes an "extraordinary circumstance" which entitles Wells to equitable tolling of the limitation period from the time his convictions became final on April 20, 2004 until he filed his Rule 32 petition on June 2, 2004 - the time relevant to the filing of a direct appeal.[6] *See Holland v. Florida*, 560 U.S. 631 (2010);

---

[6]Wells executed the Rule 32 petition on June 2, 2004 and, thus, this is the earliest date he could have presented the petition to prison officials for mailing. *Respondents' Exhibit 2 - Doc. No. 10-2* at 20. A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988). "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox

*Maples v. Thomas*, ____ U.S. ____, 132 S.Ct. 912 (2012); *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 471 (11th Cir. 2014).

**3.  Statutory Tolling of the Limitation Period**.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Based on the award of equitable tolling arising from counsel's abandonment of a direct appeal, the limitation period did not begin to run upon the finality of Wells' convictions and remained equitably tolled until Wells filed his Rule 32 petition on June 2, 2004.  Upon filing of the Rule 32 petition, the limitation period became tolled pursuant to the directives of 28 U.S.C. § 2244(d)(2) and remained tolled during the time the Rule 32 petition was pending before the state courts. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending in the state courts). The trial court issued a detailed and well reasoned order dismissing the Rule 32 petition on October 21, 2004.  *Respondents' Exhibit 3 - Doc. No. 10-3* at 1-7.  Wells appealed the trial court's decision and the Alabama Court of Criminal Appeals dismissed the appeal on March 22, 2005 for "failure by the appellant to comply with this Court's February 15, 2005, order." *Respondents' Exhibit 6 -*

---

rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  The court therefore considers June 2, 2004 as the date of filing for Wells' Rule 32 petition.

*Doc. No. 10-6* at 1.[7]  The appellate court issued the certificate of judgment on this same

date.  *Id*. at 2.  Thus, as of issuance of the certificate of judgment on his Rule 32 petition

on March 22, 2005, Wells had one year within which to timely file claims in a federal

habeas petition.  The federal limitation period therefore began to run on March 23, 2005

and, absent any additional equitable tolling, the time allowed Wells for filing a federal

habeas petition expired on March 23, 2006.

### 4.  <u>Additional Allegations of Equitable Tolling</u>.

Wells asserts that he is entitled to further equitable tolling of the limitation period

for the following reasons:  (1) From the time his convictions became final in 2004 until the

filing of this federal habeas petition, he suffered mental and emotional stress related to the

denial of his Rule 32 petition and his commission of numerous disciplinary infractions; (2)

The appeal of his Rule 32 petition did not proceed before the Alabama Court of Criminal

Appeals due to a lack of sufficient postage; (3) The Alabama Court of Criminal Appeals

improperly dismissed the Rule 32 appeal and refused to reconsider this ruling; (4) He

lacked the legal knowledge necessary to proceed on a federal habeas petition; and (5) At

times during his incarceration, the  inmate law clerks assigned to the law library were not

---

[7] Wells advises that the order directed him "to submit an additional copy of his brief and argument in relations to his Rule 32 petition . . . to the Alabama Court of Criminal Appeals." *Petitioner's Response - Doc. No. 17* at 2.  Wells states that his attempt to comply with the directives of the order failed because the package containing the documents lacked adequate postage.  *Id*. at 4.  Wells acknowledges he learned of the dismissal of his Rule 32 appeal sometime after issuance of the order on March 22, 2005 and prior to his return to prison on April 2, 2005 while testifying at the trial of his co-defendant when the District Attorney provided him a copy of the appellate court's order of dismissal.  *Id*. at 3.

available to assist him.

Initially, Wells alleges that the denial of post-conviction relief by the state courts and his commission of several rules violations caused him to become despondent and suffer mental stress thereby justifying equitable tolling.  This allegation entitles Wells to no relief as he has failed to establish a causal connection between the alleged mental stress and his ability to file a timely federal habeas petition.  *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 F. App'x 749, 751 (7th Cir. 2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000) (mental deficiency, including even mental incompetence, standing alone, not sufficient reason to toll limitation period); *see also Smith v. Newsome*, 876 F.2d 1461, 1466 (11th Cir. 1989) (where petitioner understood nature and consequences of state proceedings and acted throughout in a rational manner, "general mental condition" does not excuse failure to act in accordance with applicable procedural rules); *Farabee v. Johnson*, 129 F. App'x 799, 804 (4th Cir. 2005) (petitioner presented no evidence

15

demonstrating "his mental illness interfered with his ability to appreciate his litigation position or to make rational decisions concerning the litigation" and, therefore, failed to establish that mental illness caused his several procedural defaults); *Harris v. McAdory*, 334 F.3d 665, 669-70 (7th Cir. 2003) (neither borderline mental retardation nor frontal lobe brain dysfunction sufficient to warrant relief from a procedural bar); *Ervin v. Delo*, 194 F.3d 908, 916 (8th Cir. 1999) (petitioner's "alleged depression could not amount to cause excusing [petitioner's] procedural default" where the "alleged depression did not hinder his ability to file a pro se postconviction motion."); *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999) (absent "conclusive showing that mental illness interfered with a petitioner's ability to appreciate his . . . position and make rational decisions regarding his . . . case at the time during which he . . . should have pursued post-conviction relief[,]" mental illness does not excuse procedural default); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (petitioner's below-average intelligence insufficient to justify relief from a procedural bar); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's diagnosis as a "borderline mental defective" fails to establish cause for excusing a procedural default).  A petitioner must make a threshold showing of mental incompetence, *see Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition.  *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).  Wells has failed to establish either factor in this case.  The mere fact

16

that Wells suffered and/or now suffers from mental and emotional stress, without more, is insufficient to justify equitable tolling.  *Lawrence*, 421 F.3d at 1227.

Wells has presented nothing to this court which indicates that the mental/emotional stress about which he complains rendered him incapable of preparing a habeas petition at any time during the running of the limitation period.  Rather, the record in this case establishes that Wells filed a detailed Rule 32 petition, litigated this petition in the trial court, filed an appeal from the trial court's denial of such petition, submitted this federal habeas petition, and filed numerous documents/pleadings in this case while incarcerated and proceeding pro se.  In light of the foregoing, the court concludes Wells has failed to demonstrate that mental or emotional stress prevented him from filing a timely federal habeas petition.  Consequently, equitable tolling is not warranted for any mental or emotional stress Wells may have endured due to his disciplinary invoking behavior and/or the denial of his state post-conviction petition.

Wells next argues that the problems he endured in attempting to proceed on his Rule 32 appeal and the actions of the Alabama Court of Criminal Appeals in dismissing the appeal warrant equitable tolling of the federal period of limitation as such actions demonstrate an "extraordinary circumstance [that] stood in his way ***and prevented timely filing of [documents] in his Rule 32 appeal***."  *Petitioner's Response - Doc. No. 17* at 4 (emphasis added).  This court has awarded statutory tolling of the limitation period for the time that Wells' Rule 32 remained pending before the state courts.  Wells acknowledges

17

that he had knowledge of the state appellate court's dismissal of the Rule 32 appeal with in days of the court taking such action.  The circumstances underlying the denial of his Rule 32 appeal and the actual denial of that appeal by the Alabama Court of Criminal Appeals in no way interfered with Wells' ability to file a federal habeas petition nor did they prevent Wells from proceeding before this court on his claims for federal habeas relief upon dismissal of the Rule 32 appeal.  Consequently, these actions do not present "extraordinary circumstances" warranting equitable tolling of the federal period of limitation.

Finally, Wells argues that equitable tolling is justified because he has limited knowledge of the law and was, at times, denied the assistance of the law library's jailhouse lawyers in the preparation of his habeas petition.  The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.  *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a  pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute

18

of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied*, 531 U.S. 840 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. RR. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."). Moreover, neither an alleged inadequate prison law library nor limited access to either the library or inmate law clerks assigned thereto establishes extraordinary circumstances warranting an equitable tolling of the limitation period. *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220.

In addition to a complete lack of proof regarding the existence of extraordinary circumstances necessary to secure equitable tolling after dismissal of his Rule 32 appeal, Wells fails to demonstrate he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period. Wells, while acting pro se, filed a Rule 32 petition, litigated this action before the trial court and filed an appeal with the Alabama Court of Criminal Appeals. Upon the appellate court's denial of this post-conviction action, at which time the entire one-year federal period of limitation remained, Wells failed to pursue his claims before this within the allotted period of time and, in fact, did not do

19

so for almost seven years.  The court therefore concludes that Wells failed to act with

reasonable diligence in pursuing federal habeas relief as is "required for equitable tolling

purposes."  *Holland*, 560 U.S. at 653.

The record is devoid of evidence that Wells' delay in filing the instant § 2254

petition resulted from extraordinary circumstances which were both beyond his control and

unavoidable with the exercise of reasonable diligence.  *Drew*, 297 F.3d at 1290; *Jones v.*

*Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  Under the circumstances of this case, the court

"cannot say that [Wells] has acted with the 'conscience, good faith, and reasonable

diligence' necessary 'to call into action the powers of the court.'  This conclusion is based

on the longstanding, firmly rooted principle that a court cannot grant equitable tolling

unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297

F.3d at 1291 n.5.  Thus, Wells is not entitled to equitable tolling of the limitation period

beyond that previously allowed for counsel's abandonment during the time relevant to the

filing of a direct appeal.  *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v.*

*Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004).

### E.  Expiration of the Limitation Period

Under the circumstances of this case as detailed herein, the one-year period of

limitation contained in 28 U.S.C. § 2244(d)(1) began to run on March 23, 2005.  Wells has

not established any basis for either equitable or statutory tolling of the limitation period

after this date.  The limitation period therefore expired on March 23, 2006.  Wells filed the

instant petition for federal habeas relief on February 15, 2012, almost six years after expiration of the federal limitation period.  Wells has failed to demonstrate that this petition should not be dismissed as untimely filed.  Consequently, the court concludes that the instant petition for habeas corpus relief is due to be denied as Wells filed the petition after expiration of the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Nicholas Wells on February 15, 2012 be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 6, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30,

1981.

Done this 23rd day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

22